### SUPER MOLD CORPORATION OF CALIFORNIA v. AMERICAN TIRE MACHINERY CO.

#### No. 9253.

#### Circuit Court of Appeals, Ninth Circuit.

#### Sept. 20, 1940.

Percy S. Webster and Roger B. Webster, both of Stockton, Cal., for appellant.

Frank L. A. Graham, of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This was an action by appellant, Super Mold Corporation of California, against appellee, American Tire Machinery Company, for contributory infringement of two patents, Nos. 1,907,026 and 1,928,404, owned by appellant. Defenses were (1) that the patents were invalid and (2) that, if they were valid, appellee had not infringed them or contributed to their infringement. Trial was by the court sitting without a jury. Evidence was heard, findings of fact and conclusions of law were made and filed and, thereupon, judgment was entered dismissing the action. From that judgment this appeal is prosecuted.

The trial court found that appellee had not infringed or contributed to the infringement of patent No. 1,907,026. That finding is not challenged.[1]

Patent No. 1,928,404 was applied for by Herbert J. Woock, Charles J. Peterson and Jacob S. Caufield on August 20, 1928, and was issued to their assignee (appellant's assignor) on September 26, 1933. It is for a method and apparatus for retreading tires. The complaint does not state which of the ten claims of the patent were infringed, but the case was tried

---

[1] Appellant's brief states: "Since the user of the mold [a person other than appellee] is the actual infringer of the method of [patent No. 1,907,026], appellant elects at this time to waive its charge of contributory infringement of that patent by appellee. Therefore, only the one question of validity of [patent No. 1,928,404] is left for this court to determine."

below and argued here upon the theory that claims 8 and 9 were the only claims involved.[2] The trial court held that claims 8 and 9 were invalid. That holding is specified as error.

Claims 8 and 9 read as follows:

"8. That method of fitting a tire to a full circle retreading mold adapted to receive the tread portion of the tire comprising the step of moving the bead portions of the tire axially thereof until the tread properly fits the mold and then confining the beads against further movement.

"9. That method of fitting a tire of a certain tread diameter into a full circle retreading vulcanizing mold of a different tread diameter, comprising the step of moving the bead portions of the tire axially and in opposite directions, whereby to vary the tread diameter of the tire until it equals that of the mold, and then confining the bead portions of the tire against further movement."

The evidence[3] establishes that the methods described in claims 8 and 9 were known and used by others in this country before the alleged invention or discovery thereof by Woock, Peterson and Caufield. Therefore, claims 8 and 9 are invalid for lack of novelty. Revised Statutes, § 4886, 35 U.S.C.A. § 31.

Appellant's brief states that prior to the teaching of patent No. 1,928,404 it was standard practice, in retreading a tire, to mount it upon a rim of standard width, such as would be used in road service, but that this practice produced unsatisfactory results, and that—

"Woock et al. discovered they could overcome and correct the unsatisfactory and disastrous conditions experienced by their predecessors in the art by departing from the old practice which consisted in mounting all tires irrespective of their diameters upon the same standard width of road rim. This practice Woock et al.

discarded, and in place thereof mounted the tires, depending upon their diameters, upon rims of varying width, thereby bringing about an increase or decrease in the over-all diameter of the tires being retreaded so as to bring such tires into correct vulcanizing relation with the casting surfaces of the mold.

"By this clever and novel discovery, Woock et al. were able to provide for the manipulation of the beads of the tire in such a manner as to effect a change in the over-all diameter of the tire. * * *".

This discovery is not mentioned in either of the claims in suit. The claims in suit relate, not to rims or other apparatus, but to methods only; and these were old when Woock, Peterson and Caufield discovered them.

Judgment affirmed.

---

[2] Appellant's brief states: "Patent [No. 1,928,404] contains a number of claims, some to structure and others to method. Plaintiff [appellant] elected at the trial to stand on the two broad method claims 8 and 9."

[3] Including, inter alia, the following patents: Batcheller, No. 1,113,925, October 3, 1914; Harris, No. 1,353,042, September 14, 1920; Thompson, No. 1,354,-227, September 28, 1920; Borman, No. 1,354,595, October 5, 1920; Hughes, No. 1,524,866, February 3, 1925; Miller, No. 1,585,933, May 25, 1926; Gregg, No. 1,-643,493, September 27, 1927; Barre, No. 1,643,869, September 27, 1927; Smith, No. 1,662,035, March 6, 1928; Smith, No. 1,710,804, April 30, 1929; Smith, No. 1,750,867, March 18, 1930; Burch, No. 1,751,392, March 18, 1930; Glynn, No. 1,760,944, June 3, 1930; Wirgman, No. 1,779,385, October 21, 1930; Hudson, No. 1,836,850, December 15, 1931.